STATE v ELLIS

Ohio Appeals. 2nd Dist.,
Franklin Co.

No. 3462. Decided June 15, 1942.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, Forrest F. Smith, Columbus, and T. Vincent Martin, Columbus, Asst. Pros. Attys., for plaintiff-appellee.

Frank H. Ward, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On October 23, 1941, the defendant, Hollis Ellis, together with Richard Daughty, were jointly indicted for armed robbery, allegedly committed on September 13, 1941. The case came on for trial before a Common Pleas Judge and a jury in November, 1941, and resulted in a verdict of guilty as to the defendant, Hollis Ellis. Richard Doughty on a previous date had entered a plea of guilty and had received a sentence.

The defendant, Hollis Ellis, went to trial on his plea of not guilty and thereby presented all defenses known to the law. However, this defendant stressed the defense that at the time of the alleged commission of the robbery he was under

the influence of intoxicating liquor to the extent that he had no knowledge or recollection of what transpired, and therefore was incapable of forming an intent.

The evidence in the case so strongly supports the theory of guilt that it is inconceivable that any jury, even if a new trial be granted, would return any other verdict than that of guilty. However, every defendant has the constitutional right of a fair trial however manifest his guilt may be. Obviously, under such a situation many claimed errors are not prejudicial even if they be error at all. A short chronological history of the case will be found beneficial.

Doughty and Ellis were friends of some months standing. On the evening of September 13, 1941, about the hour of seven o'clock, Doughty stole a Chrysler sedan with an Illinois license, from in front of the Deshler-Wallick Hotel, where it was temporarily parked for transportation to the hotel garage. Doughty was an employe of the garage and seeing the transportation ticket on the car he got in it and drove away. Instead of taking the car to the garage he drove to the northern section of the city where he picked up the defendant, Ellis, at a beer parlor.

The two cruised around for some time, stopping at various night clubs and drinking, finally stopping at a gasoline station at the corner of Grandview and Dublin Avenue. This station was owned and operated by Clinton Barker. When these defendants drove up and stopped about three o'clock in the morning, Mr. Barker approached them, thinking they were customers for gasoline, but they told him that they desired to go to the rest room. He requested that they pull their car from in front of the pumps, which they did. At this time Mr. Barker was engaged in fixing a flat tire for Mr. Theodore Charles Alfred, Jr. After these two men had been in the rest room, which was located on the inside of the station, for some time, Mr. Barker grew suspicious and approached the station door to investigate. Mr. Alfred followed him to the door. When the two were in close proximately to this outside door the two men were coming from the rest room, Ellis in front and Doughty, immediately following.

Doughty had a gun which he drew on Barker and the customer, demanded that they enter the inside of the station where Ellis took the money-changer from Barker's person. The amount of money in the changer was approximately $15.00, all silver and pennies. Doughty gave his attention to Alfred, demanding that he turn over his wallet.

Mr. Alfred, in bringing his hands forward, negotiated a blow on the chin of Doughty and at the same time secured the gun. Both men immediately ran in opposite directions. Alfred followed, shooting at the fleeing men, first one and then, the other, but unfortunately his aim was bad. The keys were removed from the car and the police immediately notified. Early the next morning Doughty and Ellis were arrested at the latter's home where they were found in bed with their clothes on, except shoes. Both were covered with burrs, supposedly obtained in their running escape through fields. Mr. Barker identified both men, and immediately affidavits charging robbery were duly filed. On arraignment both defendants admittedly made statements to the police officers, disclosing their connection with the robbery.

474

Counsel for defendant in his assignments of errors, sets out six separately numbered specifications. We will take these up in order.

In his first assignment he observes that the Court erred in his charge to the jury. Specifically the complaint is made that the Court read to the jury §12432 GC., which defines plain robbery instead of §12432-1, defining armed robbery. We can readily understand how this occurred if the trial court was using the 10th volume of Page's Ohio General Code, since the armed robbery section was enacted subsequent to the publication of Page's Code and is only found in the cumulative pocket supplement for volume 10. The armed robbery section was enacted in 1939, the effective date being September 6, 1939. The only distinction between the two sections, one defining robbery and the other armed robbery is that the latter section contained the added words "while armed with a pistol, knife or other dangerous weapon"; otherwise, the two sections are identical, except as to the penalties. Yet it must be conceded that the Court was in error in reading §12432 GC to the jury instead of §12432-1. This inadvertence would not be prejudicial for the reason that the Court did, in substance, charge the jury on armed robbery, and did send to the jury on their retirement the proper form of verdict. Furthermore, this claimed error would be in the nature of an omission and hence counsel should have called attention to the fact that he was reading the improper section. Constructing the charge in its entirety we have no difficulty in determining that the jury could not possibly have been misled.

The second specification of error complains that the Court erred in not sending to the jury room a verdict blank covering the lesser charge of robbery. Again, it appears from the record that counsel for the defendant made no request for such verdict, and this, if nothing further, would be sufficient reason for a finding against the claimed error. However, even if a request had been made the trial court could properly have refused to charge other than armed robbery, since the undisputed evidence disclosed the use of a gun in perpetrating the robbery. It is true that this defendant did not have the gun, but the rule is recognized that where two or more people join together to commit a criminal act each and all are equally responsible for every incident connected with it. We find no error under specification No. 2.

Under specification 3 complaint is made that the Court committed error in not giving three special charges requested by defendant before argument or including them in the general charge.

Counsel in his brief recognizes the law that the Court is not bound in criminal cases to give special instructions before argument even though the requests correctly state the law, but correctly argues that where such requests are made the Court is obligated to give substance in its general charge to the jury. Without quoting these charges we simply state that we have no difficulty in determining that the Court in his general charge, in substance covered each and every request.

Under the fourth assignment of errors complaint is made that the Court erred in charging the jury that the robbery was carried out. As exemplifying this claimed error reference is made to page 62 of the

record where the following paragraph appears in the Court's charge:

"The offense of robbery charged in the indictment includes also the minor offense of assault and battery and simple assault, but you will not consider those minor offenses in this case, because it is not controverted that the robbery was carried out. The defendant merely is saying that he was so drunk he did not know what he was doing and does not now remember. So you will not consider the minor offenses in this case because the robbery was carried out, and there is no evidence to controvert the fact that it was."

This claimed error brings to our attention the legal principle that in criminal cases, no matter how strong or convincing the evidence may be, the Court has no right to state to the jury that any element of the crime is adequately proven. The plea of not guilty puts in issue every element and it is always the province of the jury and not of the Court to determine the sufficiency of the proof. This rule has an exception where the defendant as a witness, admits some or all of the elements involved in the crime. In the instant case the defendant testified that he did make admissions to the police officers immediately after his arrest and later entered a plea of guilty which would invoke the exceptions to the general rule and render the observation of the court free from prejudicial error.

The fifth specification of error complains that the Court erred in admission of certain evidence over the objection of the defendant. The State called as one of its witnesses the co-defendant, Richard Doughty. During his interrogation he made full disclosures as to the armed robbery. Very early in the examination of this witness he was inquired of as to his acquaintance with the defendant Ellis. It was drawn out that the first acquaintance was when both were confined in Ohio State Reformatory. The question that drew out this answer was objected to and motion made to rule out the answer. Several other questions were asked relative to Ellis's imprisonment and subsequent parole from the Reformatory. Objection was interposed and overruled. We think the Court was in error in permitting the extended interrogation on this question over the objection of counsel for defendant. The Court in its charge to the jury correctly said that evidence of this character was admissible, not as substantive evidence but only as affecting the credibility of the defendant. It must be borne in mind that at the time Doughty was being interrogated Ellis had not been called as a witness and hence the rule could not be given application.

However, this error is cured by the fact that Ellis subsequently presented himself as a witness and in chief and in cross-examination gave full information relative to his former imprisonment in the Ohio State Reformatory. Counsel for defendant argue that this improper evidence made it necessary to call the defendant as a witness. We can not agree with this conclusion, and furthermore, it would not change the rule even though it be admitted that the defendant would not have testified but for the presentation of improper testimony against him. Under such a situation the defendant always has the option of relying upon the errors complained of, or taking the stand

and thereby, when the evidence is brought into the record properly, any error in the former improper introduction is cured.

Complaint is also made that Officer Carpenter of the robbery squad was permitted to testify as to who placed Ellis under arrest, with no qualifications as to how he obtained the information. This testimony may or may not have been competent, but it is of no moment and could not possibly prejudice the defendant even if under the strict rules the objection should have been sustained.

Under the sixth assignment of error the claim is made that the verdict was not sustained by sufficient evidence and is contrary to law and against the weight of the evidence. We have no difficulty in overruling this assignment. In our judgment the evidence was more than sufficient to support a verdict of guilty beyond a reasonable doubt. Defendant's claim that he was so under the influence of intoxicating liquor as to not know what he was doing, or to have the power of forming an intent is not supported. He seemed to have no difficulty in knowing what he was doing when he was removing the money-changer from Mr. Barker. Furthermore, it was apparent that he had sufficient intellect to make a hasty retreat when Alfred landed on the jaw of Doughty and took the gun from the latter. Neither Barker nor Alfred observed any evidence of intoxication at the time of the commission of the offense; neither did the officers when making the arrest early the next morning.

Finding no prejudicial error, the judgment of the trial court will be affirmed and cause remanded for further proceedings according to law.

Costs in this Court will be adjudged against the appellant.

GEIGER, PJ., & HORNBECK, J., concur.